UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-01259-PSG |
| Plaintiff, | ) | **CASE MANAGEMENT ORDER** |
| v. | ) | **(Re: Docket No. 128)** |
| DELL INC., et al., | ) | |
| Defendants. | ) | |
| ADAPTIX, INC., | ) | Case No. 5:14-cv-01379-PSG |
| Plaintiff, | ) | **CASE MANAGEMENT ORDER** |
| v. | ) | **(Re: Docket No. 102)** |
| AMAZON.COM, INC., et al., | ) | |
| Defendants. | ) | |
| ADAPTIX, INC., | ) | Case No. 5:14-cv-01380-PSG |
| Plaintiff, | ) | **CASE MANAGEMENT ORDER** |
| v. | ) | **(Re: Docket No. 107)** |
| BLACKBERRY LTD., et al., | ) | |
| Defendants. | ) | |

1
Case Nos. 5:14-cv-01259-PSG; -01379; 01380; -01385; -01386; -01387; -03112
CASE MANAGEMENT ORDER

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-01385-PSG |
| Plaintiff, | ) ) | **CASE MANAGEMENT ORDER** |
| v. | ) ) | **(Re: Docket No. 90)** |
| SONY MOBILE COMMUNICATIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| ADAPTIX, INC., | ) | Case No. 5:14-cv-01386-PSG |
| Plaintiff, | ) ) | **CASE MANAGEMENT ORDER** |
| v. | ) ) | **(Re: Docket No. 113)** |
| BLACKBERRY LTD., et al., | ) ) | |
| Defendants. | ) ) | |
| ADAPTIX, INC., | ) | Case No. 5:14-cv-01387-PSG |
| Plaintiff, | ) ) | **CASE MANAGEMENT ORDER** |
| v. | ) ) | **(Re: Docket No. 111)** |
| BLACKBERRY LTD., et al., | ) ) | |
| Defendants. | ) ) | |
| ADAPTIX, INC., | ) | Case No. 5:14-cv-03112-PSG |
| Plaintiff, | ) ) | **CASE MANAGEMENT ORDER** |
| v. | ) ) | **(Re: Docket No. 74)** |
| BLACKBERRY LTD., et al., | ) ) | |
| Defendants. | ) ) | |

Based on the parties' joint case management statement[1] and last week's case management conference,

IT IS HEREBY ORDERED that the following schedule and deadlines shall apply to all parties in this subset of cases ("Wave 2"):

---

[1] Case No. 5:14-cv-01259: Docket No. 127.

2
Case Nos. 5:14-cv-01259-PSG; -01379; 01380; -01385; -01386; -01387; -03112
CASE MANAGEMENT ORDER

| | |
|---|---|
| Plaintiff's Initial Disclosure of Asserted Claims & Preliminary Infringement Contentions & Accompanying Document Production with opportunity to amend until May 30, 2014 | February 19, 2014 |
| Initial Case Management Conference | May 16, 2014 |
| Defendants' Preliminary Invalidity Contentions & Accompanying Document Production | June 26, 2014 |
| Deadline to Add Additional Parties | July 22, 2014 |
| Deadline to Amend Pleadings on Issues Other than Inequitable Conduct | July 22, 2014 |
| Plaintiff's Initial Disclosures | September 17, 2014 |
| ASUS Defendants' Initial Disclosures | October 7, 2014 |
| Deadline to Amend Pleadings re Inequitable Conduct Defenses | October 22, 2014 |
| ASUS Defendants' Preliminary Invalidity Contentions & Accompanying Document Production | October 28, 2014 |
| Proposed Terms & Claim Limitations for Construction | December 19, 2014 |
| Preliminary Claim Constructions | January 16, 2015 |
| Joint Claim Construction & Prehearing Statement, Expert Declarations or Other Disclosures on Claim Construction for Any Experts Who Will Submit Declarations or Testify Regarding Claim Construction at the Claim Construction Hearing | February 3, 2015 |
| Claim Construction Discovery Cut-Off | March 5, 2015 |
| Opening Brief on Claim Construction | March 20, 2015 |
| Responsive Brief on Claim Construction | April 10, 2015 |
| Reply Brief on Claim Construction | April 20, 2015 |
| Surreply Brief on Claim Construction | April 30, 2015 |
| Claim Construction (*Markman*) Hearing | May 14, 2015 at 1:00 PM |
| Fact Discovery Cut-Off | September 18, 2015 |
| Opening Expert Witness Reports | October 23, 2015 |
| Rebuttal Expert Witness Reports | November 27, 2015 |
| Expert Discovery Cut-Off | January 8, 2016 |
| Deadline to File Dispositive Motions | February 4, 2016 |
| Opposition Briefs on Dispositive Motions | February 25, 2016 |

Reply Briefs on Dispositive Motions ................................................................. March 10, 2016

Hearing on Dispositive Motions......................................................March 31, 2016 at 1:00 PM

Pre-Trial Conference ....................................................................... July 25, 2016 at 1:00 PM

Initial Trial...................................................................................August 1, 2016 at 9:30 AM

IT IS FURTHER ORDERED that the "Order Regarding Procedure for Resolution of Disputes Concerning Discovery and Other Non-Dispositive Issues" will apply in these cases.[2]

IT IS FURTHER ORDERED that except as necessary to comply with P.R. 3-7, the parties are not required to include in their privilege logs any protected documents that came into existence on or after January 13, 2012, which was the filing date of the complaint in the earliest-filed Adaptix case currently pending in this Court.

IT IS FURTHER ORDERED that at depositions where the deponent requires an interpreter, there shall be an official interpreter hired by the side taking the deposition if the deponent states under oath that he or she (i) is not able to understand and speak in English, and (ii) states under oath that he or she does not normally converse in English with others, including but not limited to work/business-related colleagues and third parties (such as in a work/business environment).  The parties may hire their own interpreter to verify the translation by the official interpreter.  Should the party required to pay the costs of an interpreter ultimately prevail on the merits, the costs of hiring an interpreter shall be taxed in favor of the prevailing party against the losing party.

IT IS FURTHER ORDERED that Verizon, AT&T and T-Mobile are precluded from deposing any inventor or Plaintiff or Acacia employee previously deposed in one of the E.D. Tex. or N.D. Cal. Adaptix actions, absent permission from this court upon a showing of good cause.

IT IS FURTHER ORDERED that Plaintiff may take a maximum of 160 hours of total fact deposition testimony of Defendants with not more than 50 hours to depose any one Defendant. Defendants may take a collective maximum 160 hours of total fact deposition testimony of Plaintiff to be split according to agreement by Defendants.

IT IS FURTHER ORDERED that no individual inventor or co-inventor, including Dr. Liu, shall be deposed for more than a total of 12 hours for all of these actions, collectively.  To the

---

[2] *See* Case No. 5:13-01777, Docket No. 121.

4
Case Nos. 5:14-cv-01259-PSG; -01379; 01380; -01385; -01386; -01387; -03112
CASE MANAGEMENT ORDER

extent that the parties in these actions are also parties to the E.D. Tex. actions, those parties shall cooperate to avoid redundant testimony of any individual 30(a)(1) or 30(b)(6) witnesses.

IT IS FURTHER ORDERED that in any other case to which a carrier defendant is a party, Plaintiff may use for all purposes the transcript of depositions taken of that carrier defendant in any other cases brought by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff is precluded from deposing any Verizon, AT&T and T-Mobile employees or customers who have previously been deposed in one of the E.D. Tex. or N.D. Cal. Adaptix actions, absent permission from this court upon a showing of good cause. Verizon, AT&T and T-Mobile shall coordinate the scheduling of any such depositions in the E.D. Tex. and N.D. Cal. Adaptix actions so that tis co-defendants have the opportunity to attend those depositions.

IT IS FURTHER ORDERED that Defendants may use for all purposes in the above-captioned cases the transcripts of depositions taken by any defendant in all other cases brought by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff may serve up to 20 requests for admission collectively on Wave 2 Defendants and up to 15 additional individual requests for admission on each Wave 2 Defendant or, where applicable, on each Wave 2 Defendant Group.  Wave 2 Defendants shall be allowed 20 collective requests for admission and 15 additional individual requests for admission per Defendant or, where applicable, per Defendant Group.  Notwithstanding the foregoing, the parties are allowed an unlimited number of requests for admission regarding the admissibility of documents.  Before serving any request for admission, regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents, but if after two weeks no stipulation is agreed upon, then the requesting party may serve the request for admission.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to expert final reports in the Wave 2 actions are exempt from discovery.  In addition, all communications with and all materials generated by a testifying expert with respect to his work on any of these actions are exempt from discovery unless

relied upon by the expert in forming his or her opinion. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

IT IS FURTHER ORDERED that Plaintiff may depose each non-infringement expert for seven hours. Each Wave 2 Defendant or Defendant Group may depose each infringement expert testifying against it for seven hours in each matter where that expert is testifying against it.

IT IS FURTHER ORDERED that Plaintiff may depose each invalidity expert for seven hours. Each Wave 2 Defendant or Defendant Group may depose each validity expert for seven hours in each matter where that expert is testifying against it. If the same expert testifies against Plaintiff or Defendant/Defendant Group regarding both (non)infringement and (in)validity, then Plaintiff or Defendant/Defendant Group may depose that expert for 14 hours.

IT IS FURTHER ORDERED that Plaintiff or each Defendant/Defendant Group may depose each damages expert testifying against it for 7 hours in each matter where that expert is testifying against it.

IT IS FURTHER ORDERED that the parties shall confer in good faith on a reasonable number of hours of other expert depositions and shall submit the parties' competing proposals to the court in the event they are unable to reach agreement.

IT IS FURTHER ORDERED that the parties shall file joint or competing ESI Orders by October 21, 2014.

**IT IS SO ORDERED.**

Dated: September 29, 2014

PAUL S. GREWAL
United States Magistrate Judge