UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:14-cv-01259-PSG <br><br> **ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** <br><br> **(Re: Docket No. 145)** |
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:14-cv-01379-PSG <br><br> **ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** <br><br> **(Re: Docket No. 115)** |
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:14-cv-02359-PSG <br><br> **ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** <br><br> **(Re: Docket No. 63)** |

| | |
|---|---|
| ADAPTIX, INC.,<br>    Plaintiff,<br> v.<br>SONY MOBILE COMMUNICATIONS, INC., et al.,<br>    Defendants. | Case No. 5:14-cv-01385-PSG<br><br>**ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 103)** |
| ADAPTIX, INC.,<br>    Plaintiff,<br> v.<br>HTC CORPORATION, et al.,<br>    Defendants. | Case No. 5:14-cv-02360-PSG<br><br>**ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 79)** |
| ADAPTIX, INC.,<br>    Plaintiff,<br> v.<br>KYOCERA CORPORATION, et al.,<br>    Defendants. | Case No. 5:14-cv-02894-PSG<br><br>**ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 108)** |
| ADAPTIX, INC.,<br>    Plaintiff,<br> v.<br>ASUSTEK, et al.,<br>    Defendants. | Case No. 5:14-cv-03112-PSG<br><br>**ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 85)** |
| ADAPTIX, INC.,<br>    PLAINTIFF,<br> V.<br>KYOCERA CORPORATION, et al.,<br>    DEFENDANTS. | Case No. 5:14-cv-02895-PSG<br><br>**ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 111)** |

**United States District Court**
For the Northern District of California

Plaintiff Adaptix Inc. seeks leave to amend its preliminary infringement contentions in three of these cases to ensure that (1) its contentions are uniform across all its pending cases before the undersigned, (2) all available theories—including direct, induced and contributory infringement—are asserted and (3) the apparatus claims are alleged as to all accused products.[1] Adaptix further requests leave to identify the Amazon Fire Phone as an accused product.[2] Defendants Dell, Inc., Cellco Partnership, Amazon.com Inc., AT&T Mobility LLC and Sony Mobile Communications (U.S.A.), Inc. oppose on the basis that Adaptix could have and should have brought this motion long ago and that further amendment would be unduly prejudicial.[3] Because Adaptix was not sufficiently diligent in seeking leave to amend and that Adaptix's delay substantially prejudiced Defendants' right to pursue relief from the Patent Trial and Appeal Board, Adaptix's request is DENIED.[4]

**I.**

Under Patent L.R. 3-6(b), "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only be order of the Court upon a timely showing of good cause."[5] The court must consider whether the moving party was diligent in amending its contentions and whether allowing such amendment would prejudice the non-moving party.[6] "Although the

---

[1] *See, e.g.*, Case No. 14-01259: Docket No. 145 at 2.  Although this court no longer uses the term "preliminary" infringement contentions in its rules, for ease of reference and consistency with Adaptix's styling, the court adopts it here.

[2] This request is asserted only in the 5:14-cv-01379-PSG case.

[3] While Adaptix filed this letter brief in eight of the pending cases before the undersigned, strictly speaking, it is only relevant as to the three cases in which Adaptix served only a subset of the contentions it now proposes: 14-cv-01259, 14-cv-01379 and 14-cv-01385.

[4] This ruling is without prejudice to a renewed motion following the *Markman* hearing, if necessary, based on the court's claim construction order.

[5] Patent L.R. 3-6(b).  "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*.

[6] *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).

existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [good cause] inquiry . . . is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."[7]

The three cases at issue are part of a second wave of suits brought by Adaptix and assigned to the undersigned.[8] They follow a first wave of cases in which judgment was entered on February 2, 2015.[9] The "Wave 2" cases were filed on May 28, 2013 in the Eastern District of Texas.[10] Almost nine months later, Adaptix served its preliminary infringement contentions on February 19, 2014.[11] Adaptix understood that it would have the opportunity to amend those contentions no later than May 30, 2014.[12] In the intervening time, the Wave 2 cases were paused to join with a third wave of four additional cases that had been filed in the Eastern District of Texas between November 2013 and May 2014.[13] The cases were subsequently transferred to this district in March and June 2014.[14] To sync the two sets of cases, this court ordered that Adaptix serve preliminary

---

[7] *Acer, Inc. v. Tech. Prop. Ltd.*, Case Nos. 08-cv-00877, 08-cv-00882, 08-cv-05398, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (quoting *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also O2 Micro Int'l*, 467 F.3d at 1366 ("We agree with the Northern District of California that 'good cause' requires a showing of diligence."); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-01846, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012) ("Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party" (citing *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009)).

[8] A fourth Wave 2 case—14-cv-03112—is not at issue due to a pending dispute about enforcement of a settlement agreement reached in the case. *See* Case No. 14-cv-03112: Docket No. 87.

[9] *See* Case Nos. 13-cv-01776, 13-cv-01777, 13-cv-01778, 13-cv-01844 and 13-cv-02023.

[10] *See, e.g.*, Case No. 14-01379: Docket No. 120 at 1.

[11] *See id.*

[12] *See id*

[13] *See id.* The four additional cases are 14-cv-02359, 14-cv-02360, 14-cv-02894 and 14-cv-02895. Since then, a fourth wave of Adaptix cases were filed and transferred to this district. *See* Case Nos. 15-cv-00165, 15-cv-00166, 15-cv-00167 and 15-cv-00168.

[14] *See, e.g.*, Case No. 14-01259: Docket No. 65; Case No. 14-02894: Docket No. 43.

United States District Court
For the Northern District of California

infringement contentions in the Wave 3 cases by October 7, 2014.[15] As served, those contentions contained the revised theories that Adaptix now seeks to insert into the Wave 2 cases.[16]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

The basic question here is whether Adaptix was diligent in pursuing its proposed amendments. Based on the record presented, the answer to that question is no.

*First*, procedural complexity alone does not justify a delay in pursuing amendment by almost a year. This district has previously held as much in *Trans Video Electronics v. Sony*.[17] Soon after Judge Patel issued her claim construction order, the case was reassigned to Judge Chen. Although both parties were operating under the assumption that no trial schedule was in place, the court found that a lack of procedural clarity "did not obviate the need for Trans Video to prosecute the case" and that ultimately "nothing prevented Trans Video from advancing its case."[18] Although this case has not yet reached claim construction, Adaptix similarly argues that it waited to seek amendment because of the pending transfer of cases to the Northern District. But Adaptix gives no indication why it could not have brought its amendments sooner or that it recently discovered new information warranting leave to amend.[19]

---

[15] *See* Case No. 14-01259: Docket No. 145 at 1.

[16] *See id.* As early as August 2014, Adaptix disclosed its intention to amend its infringement contentions from the earlier set of cases but did not seek leave to amend or serve any proposed amended infringement contentions on Defendants until February 10, 2015. *See* Case No. 14-01379: Docket No. 120 at 1.

[17] *See Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 509 (N.D. Cal. 2011).

[18] *See id. See also Acer*, 2010 WL 3618687, at *4-5 (N.D. Cal. Sept. 10, 2010) (finding defendants were not diligent in seeking amendment after dissolution of a stay).

[19] *See Nuance Comms., Inc. v. ABBYY Software House*, Case No. 08-cv-02912, 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012)) (finding that delay of at least six months but maybe as long as two years not diligent absent an explanation); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Case No. 09-cv-05235, 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013) (finding

In fact, Adaptix gave notice to Defendants of its intention to amend infringement contentions as early as August 2014—six months ago. Adaptix relies on *Stanford v. Roche* to argue that prompt notice is sufficient diligence even where a formal motion does not follow for several months.[20] But in *Stanford*, Stanford provided a copy of the proposed amended infringement contentions to give notice about the contours of its proposed amendment to Roche. Here, Adaptix does not explain exactly how it gave notice back in August, but it certainly did not inform Defendants with any specificity.

And while Adaptix offers this notice to bolster its diligence argument, the assertion seems to undermine Adaptix's position instead by suggesting that Adaptix knew that it wanted to amend and how it wanted to amend as early as August 2014, but failed to do so.[21] While the "good cause requirement does not require perfect diligence,"[22] the diligence here is far from reasonable. Where delays of three months are sometimes excused,[23] leave to amend is frequently denied for unreasonable delays of five months to one year.[24] Absent any justification for the delay, there is

---

two-month delay without any reasonable basis not diligent); *Apple, Inc.*, 2012 WL 1067548, at *2 (finding delay of two and a half months absent justification not diligent).

[20] *Bd. of Treasurers of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, Case No. 05-cv-04158, 2008 WL 624771, at *2-3 (N.D. Cal. Mar. 4, 2008).

[21] The Amazon Fire Phone was released in June 2014. As to the additional accused product, Adaptix may have had a compelling argument that would have passed muster under a diligence analysis in August, but as with its other proposed amendments, there is no indication that anything has changed since Adaptix filed its preliminary infringement contentions in February 2013 that would give rise to good cause to justify amendment.

[22] *Fujifilm*, 2014 WL 491745, at *4.

[23] *See, e.g.*, *Radware Ltd. v. F5 Networks, Inc.*, Case No. 13-cv-02021, 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014) (holding that "three months' delay in moving for leave to amend does not undermine [a party's] diligence").

[24] *DCG Sys., v. Checkpoint Techs., LLC*, Case No. 11-CV-03792, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012) ("[I]n the bulk of [cases denying leave to amend for failure to show diligence], leave to amend was denied because the patentee either unreasonably delayed amending the infringement contentions—five months to one year—or there were errors or omissions that patentee's counsel admitted was his own oversight."); *see also Par Pharm., Inc. v. Takeda Pharm. Co., Ltd.*, Case Nos. 13-cv-01927, 13-cv-02416, 13-cv-02420, 2014 WL 3704819, at *2 (N.D. Cal. July 23, 2014) (delaying four months to seek leave is not diligent).

no question that Adaptix's efforts fall into the latter category.[25]

***Second***, even if Adaptix was reasonably diligent, Defendants would feel undue prejudice from the amendment. Defendants point out that, by delaying amendment, Adaptix has stripped Defendants of the opportunity to seek *inter partes* review from the PTAB as to prior art consistent with Adaptix's proposed claims accusing LTE Reporting Mode 3.[26] Because Adaptix filed its complaints in the Wave 2 cases in May 2013, Adaptix could have sought leave to amend its infringement contentions before the one-year statute of limitations ran out—in May 2014—to avoid prejudicing Defendants.[27] But at this late juncture—nine months after the statute has run—Defendants have no remedy for their missed opportunity at the PTAB. In sum, absent unusual circumstances not presented here, a plaintiff should not be able to sit on its heels until a defendant's opportunity to file an IPR petition has run out and only then seek to amend its infringement contentions.

---

[25] This finding is consistent with the court's previous ruling on Adaptix's diligence in the Wave 1 cases. *See* Case No. 13-01776: Docket No. 259 at 29:7-17:

> I am not satisfied that the Plaintiffs have been diligent here given that Apple made this same code available some several months ago, indeed perhaps as long ago as 19 months ago.
>
> So on the basis of lack of diligence alone, I'm going to deny the motion. I think the case law of this district and this court is clear that a failure of diligence alone is sufficient to deny leave to amend either infringement or invalidity contentions.
>
> So on that basis the motion is denied and we will move forward.

The court also finds Adaptix's suggestion that it will merely file new cases unavailing. Adaptix already has twenty related cases pending before this court, four of which were added in the last several weeks. The court does not find it particularly less efficient to add more cases to the pile—and indeed welcomes them if Adaptix proceeds as such.

[26] Adaptix seeks to shift its infringement accusations from Mode 2 to Mode 3.

[27] *See* 35 U.S.C. § 315(b) ("An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent.").

7
Case Nos. 5:14-cv-01259-PSG; -01379; 02359; -01385; -02360; -02894; -03112; -02895
ORDER DENYING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS

**SO ORDERED.**

Dated: February 24, 2015

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge