Robert T. Cruzen (Cal. Bar No. 203658)
rob.cruzen@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  503-595-5300
Facsimile:  503-595-5301

Counsel for Defendant
AMAZON.COM, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> -vs.- <br><br> AMAZON.COM, INC., *et al.*, <br><br> Defendants. | No.  5:14-cv-01379-PSG <br><br> DEFENDANT AMAZON.COM, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** <br><br> Date:  November 23, 2015 <br> Time:  10:00 AM <br> Department:  Courtroom 5, 4th Floor <br> Judge:  Honorable Paul S. Grewal |

MOTION FOR SUMMARY JUDGMENT OF AMAZON                    14-cv-1379 PSG

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION --------------------------------------------------------1

STATEMENT OF RELIEF SOUGHT ------------------------------------------------------------1

MEMORANDUM OF POINTS AND AUTHORITIES------------------------------------------2

INTRODUCTION-------------------------------------------------------------------------------------2

FACTUAL BACKGROUND-------------------------------------------------------------------------3

    I.      ADAPTIX ASSERTS ONLY FOUR METHOD CLAIMS OF THE REMAINING PATENT. -----------------------------------------------------------3

    II.    AT&T'S MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT WAS GRANTED IN WAVE 1. ------------------------6

    III.   THE COURT DENIED ADAPTIX'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS. -------------------------6

    IV.   ADAPTIX INFORMED THE COURT AND AMAZON THAT IT DOES NOT SEEK RELIEF FOR ALLEGED INFRINGEMENT OCCURRING AFTER THE FILING OF THIS ACTION.-------------------------------------6

    V.    THE COURT DISMISSED AT&T FROM THIS CASE ON *KESSLER* AND CLAIM PRECLUSION GROUNDS. ----------------------------------7

    VI.   ADAPTIX DOES NOT CONTEND THAT IT COMPLIED WITH THE MARKING REQUIREMENTS OF 35 U.S.C. SECTION 287(A) OR THAT IT GAVE AMAZON PRE-SUIT NOTICE. ---------------------------7

ARGUMENT-------------------------------------------------------------------------------------- 10

    I.      ADAPTIX SEEKS ONLY PRE-SUIT DAMAGES BUT, BECAUSE IT DOES NOT CONTEND IT MARKED OR GAVE PRE-SUIT NOTICE, PRE-SUIT DAMAGES ARE BARRED BY STATUTE.------------------ 10

        A.     Adaptix Seeks Damages Only for Pre-Suit Infringement.--------- 10

        B.     Adaptix Cannot Recover Damages for Pre-suit Infringement Because It Failed to Comply with 35 U.S.C. Section 287's Requirements. -------------------------------------------------------- 12

    II.    ISSUE PRECLUSION BARS ADAPTIX'S CONTENTION THAT AMAZON DIRECTLY INFRINGES THE ASSERTED METHOD

CLAIMS OF THE '212 PATENT BY SELLING, OFFERING TO SELL, OR MAKING DEVICES. ----------------------------------------------------------- 18

III.    CLAIM PRECLUSION AND THE *KESSLER* DOCTRINE BAR ADAPTIX'S ALLEGATIONS THAT AMAZON INFRINGES THE CLAIMS OF THE '212 PATENT THROUGH "USE" OF ACCUSED DEVICES. ----------------------------------------------------------------------- 20

    A.    Adaptix Contends that Amazon Infringes the Method Claims of the '212 Patent When Amazon Devices Are Used on the AT&T Network. --------------------------------------------------------------------- 20

    B.    Claim Preclusion and the *Kessler* Doctrine Bar Allegations That Amazon Infringes Through Use of the AT&T Network. ---------- 20

CONCLUSION ----------------------------------------------------------------------------------- 25

# TABLE OF AUTHORITIES

*Cases:*                                                                                    *Page(s):*

*Adaptix, Inc. v. Huawei Techs. Co., Ltd.*,
   74 F. Supp. 3d 832 (E.D. Tex. 2014) ------------------------------------------------------------5

*Adrea, LLC v. Barnes & Noble, Inc.*,
   No. 13-CV-4137 JSR, 2015 WL 4610465 (S.D.N.Y. July 24, 2015) ------------------- 13

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ------------------------------------------------------------------- 12

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ------------------------------------------------------------------12, 17

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
   926 F. Supp. 2d 1100 (N.D. Cal. 2013) ----------------------------------------------------- 17

*Brain Life v. Elekta, Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014) --------------------------------------------------------------24, 25

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ------------------------------------------------------------------------------ 10

*DR Sys., Inc. v. Eastman Kodak Co.*,
   No. 08–CV–0669, 2009 WL 2632685 (S.D. Cal. Aug. 24, 2009) ----------------------- 13

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) --------------------------------------------------------------- 22

*Dunlap v. Schofield*,
   152 U.S. 244 (1894) ------------------------------------------------------------------------------13, 17

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) --------------------------------------------------------------- 18

*Flatworld Interactives LLC v. Samsung Electronics Co.*,
   77 F. Supp. 3d 378 (D. Del. 2014) ----------------------------------------------------------- 14

*In re Palmer*,
   207 F.3d 566 (9th Cir. 2000) ------------------------------------------------------------------- 19

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ----------------------------------------------------------------- 19

*Kessler v. Eldred*,
   206 U.S. 285, 27 S. Ct. 611, 51 L. Ed. 1065 (1907) ---------------------------------- passim

MOTION FOR SUMMARY JUDGMENT OF AMAZON                    14-cv-1379 PSG
-iii-

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ------------------------------------------------------------------------------ 10

*Minks v. Polaris Indus., Inc.*,
    546 F.3d 1364 (Fed. Cir. 2008) --------------------------------------------------------------- 17

*Motorola Inc. v. United States*,
    729 F.2d 765 (Fed. Cir. 1984) ----------------------------------------------------------------- 13

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998) --------------------------------------------------------------- 13

*Nystrom v. Trex Co.*,
    580 F.3d 1281 (Fed. Cir. 2009) --------------------------------------------------------------- 21

*Oracle Am., Inc. v. Google Inc.*,
    Case No. 3:10–cv–03561–WHA, 2011 WL 5576228 (N.D. Cal. Nov. 15, 2011) ----- 13

*Soverain Software LLC v. Amazon.com, Inc.*,
    383 F. Supp. 2d 904 (E.D. Tex. 2005) ------------------------------------------------------- 13

*SpeedTrack, Inc. v. Office Depot, Inc.*,
    No. C 07-3602 PJH, 2014 WL 1813292 (N.D. Cal. May 6, 2014) aff'd, 791 F.3d 1317
    (Fed. Cir. 2015) -------------------------------------------------------------------------------- 24

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
    322 F.3d 1064 (9th Cir. 2003) -------------------------------------------------------------21, 23

*Tech. Licensing Corp. v. Thomson, Inc.*,
    76 U.S.P.Q.2d 1146, No. CIV. S-031329-WBS-PAN, 2005 WL 1562225 (E.D. Cal.
    June 30, 2005) ----------------------------------------------------------------------------------- 14

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    No. C 10-3724 CW, 2013 WL 4456161 (N.D. Cal. Aug 16, 2013) --------------------- 15

*United States v. ITT Rayonier, Inc.*,
    627 F.2d 996 (9th Cir. 1980) ------------------------------------------------------------------ 21

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    34 F. Supp. 3d 1061 (C.D. Cal. 2014) ------------------------------------------------------- 14

*WiAV Solutions LLC v. Motorola, Inc.*,
    732 F. Supp. 2d 634 (E.D. Va. 2010) -------------------------------------------------------- 15

*Statutes and Rules:*

35 U.S.C. Section 287------------------------------------------------------------------------------- passim

Fed. R. Civ. P. 56 ----------------------------------------------------------------------------------------- 10

*Miscellaneous:*

4 Annotated Patent Digest § 30:148 ------------------------------------------------------------------- 13

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 10:00 a.m. on November 23, 2015, at the United States Courthouse, Courtroom 5 of the San Jose Courthouse, 280 S. 1st Street, 4th Floor, San Jose, California, 95113, or as soon thereafter as is practicable, defendant Amazon.com, Inc. ("Amazon") will and hereby does move this Court for an Order under Rule 56 of the Federal Rules of Civil Procedure rendering summary judgment in favor of defendant and against plaintiff Adaptix, Inc. ("Adaptix"), dismissing plaintiff's claims with prejudice and declaring that defendant does not infringe any claim of U.S. Patent No. 7,454,212.

**STATEMENT OF RELIEF SOUGHT**

Defendant Amazon respectfully requests that the Court grant summary judgment in its favor, and against plaintiff, dismissing plaintiff's patent infringement claims with prejudice on the grounds that:

(1) Adaptix has no viable claims for pre-suit damages and, because that is the only relief it seeks, this action must be dismissed;

(2) Issue preclusion bars Adaptix's contention that Amazon infringes the remaining asserted patent's method claims through selling, offering to sell, or making the accused products; and

(3) Claim preclusion and the *Kessler* doctrine bar claims that Amazon infringes the remaining asserted patent's claims, including by using the accused products.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Amazon.com, Inc. ("Amazon") moves for summary judgment. Adaptix's claims fail for lack of damages. They are also barred on issue and claim preclusion grounds, and based on the *Kessler* doctrine.

Adaptix has now represented to the Court and to Amazon that Adaptix does not seek relief for any alleged patent infringement occurring after the filing of its original complaint against Amazon in this case. Thus, the only relief Adaptix seeks is pre-suit damages. But Adaptix cannot show entitlement to pre-suit damages here. In order to recover pre-suit damages under 35 U.S.C. Section 287, Adaptix must show either that it marked its own products or that it provided pre-suit notice of infringement to Amazon. Adaptix cannot make either showing. It contends that its own products practiced the claims of the asserted patents, but it does not contend that it complied with the marking requirements of Section 287. Adaptix also failed to give Amazon pre-suit notice. Accordingly, Adaptix cannot recover the only relief it seeks. This case should be dismissed for this reason alone.

Adaptix's case fails for two additional reasons. First, Adaptix alleges that Amazon directly infringed the asserted method claims of U.S. Patent No. 7,454,212 (the "'212 patent"), the only patent that remains in this case, by selling, offering to sell, and making devices. In the Wave 1 cases, AT&T and the other Wave 1 defendants prevailed on summary judgment on the question of whether the sale, offer to sell, or making of devices can directly infringe the asserted method claims of the '212 patent. Adaptix lost on this question in Wave 1 and is precluded from re-litigating it here. Judge Schroeder recently granted the defendants' motions on this ground in the Adaptix cases pending in Texas. Accordingly, the court should likewise enter summary judgment in Amazon's favor on Adaptix's claim that Amazon infringed the asserted method claims of the '212 patent by selling, offering to sell, or making devices.

MOTION FOR SUMMARY JUDGMENT OF AMAZON                    14-cv-1379 PSG
- 2 -

Second, Adaptix claims that Amazon infringed the '212 patent when Amazon employees used devices on AT&T's network. This claim fails on claim preclusion and *Kessler* grounds. *Kessler v. Eldred*, 206 U.S. 285, 27 S. Ct. 611, 51 L. Ed. 1065 (1907). On August 21, 2015, the Court held that Adaptix's claims against AT&T in this case could not proceed because they were barred by claim preclusion and *Kessler*. The basis of that holding was AT&T's victory in the Wave 1 case, in which the Court held that AT&T did not infringe the patents asserted in this suit. Thus, although Adaptix accused AT&T of infringing in this case by operating its network in conjunction with the accused Amazon Kindle Fire devices—devices which were not at issue in the prior case—Adaptix's claims against AT&T were nevertheless barred by claim preclusion and *Kessler*. This Court also concluded that the Wave 1 defendants' customers (including AT&T's customers) are entitled to the benefit of this Court's order granting summary judgment in Wave 1 on claim preclusion and *Kessler* grounds in the Wave 2 through 4 cases. Amazon employees using the AT&T network are simply AT&T customers, so Amazon is entitled to the benefit of the Court's order granting summary judgment in Wave 1. Accordingly, Amazon is entitled to summary judgment on Adaptix's claim that Amazon devices used on AT&T's network infringe its patent.

**FACTUAL BACKGROUND**

### I.     ADAPTIX ASSERTS ONLY FOUR METHOD CLAIMS OF THE REMAINING PATENT.

Adaptix sued Amazon on May 28, 2013, contending that Amazon's Kindle Fire LTE tablets infringed two patents. ECF No. 1 ("Complaint"). Although Adaptix originally asserted U.S. Patent No. 6,947,748 (the "'748 patent") in this action, all asserted claims of the '748 patent were canceled during *inter partes* review. On September 16, 2015, the Court granted the parties' stipulated request that all of Adaptix's claims of infringement as to the '748 patent be dismissed. ECF No. 194. That patent is no longer part of this case, and this Motion therefore addresses the surviving '212 patent.

MOTION FOR SUMMARY JUDGMENT OF AMAZON                    14-cv-1379 PSG
- 3 -

Adaptix's Complaint does not contend that Adaptix provided, or that Amazon had, pre-suit notice of the patents or Adaptix's infringement claims.  Instead, Adaptix claimed Amazon had knowledge of the patents from the time the Complaint was served on Amazon. ECF No. 1 at ¶ 21 (notice allegation at to the '212 patent claiming that Amazon had knowledge of the patent starting from the time the complaint was served).

On February 19, 2014, Adaptix served its infringement contentions.  *See* Cruzen Decl. Ex. A (Adaptix Infringement Contentions Cover Pleading) & B (Contentions for '212 Patent).  Those contentions assert that Amazon directly infringed the '212 patent "because it makes, uses, sells, or offers to sell" the Kindle Fire LTE tablet.  *Id*. at Ex. B, p. 2-4 (claim 1).  Adaptix's contentions claimed that the Kindle Fire infringed through use of AT&T's LTE network.  *Id*. at p. 7 ("The Accused Products, which are also referred to as a UE or subscriber unit, monitor the reception of pilot symbols continually broadcast by eNBs, such as the Alcatel-Lucent 9100 and 9400 Family or the Ericsson RBS Series of base stations used in AT&T Mobility, LLC's ('AT&T') 4G LTE 3GPP Network ('AT&T Network').").  Amazon devices are not accused of infringing through use of any network other than AT&T's, and every asserted claim identifies infringement as occurring only through the AT&T network.  *Id*., *passim*.

Adaptix's infringement contentions originally alleged that Amazon directly in-fringed claims 1, 8-13, 15, 16, 18-21, and 23-30 of the '212 patent.  Adaptix voluntarily dropped claims 13, 16, 28, and 30.  Cruzen Decl. Ex. C (Ercolini email of April 16, 2015) ("Adaptix agrees to drop the following claims:… '212 Patent: 13, 16, 28, 30").  Adaptix also confirmed that it does not assert claims previously held invalid as indefinite: claims 9-11 and 26.  Cruzen Decl., Ex. D (Cruzen Letter of June 12, 2015) (requesting dismissal of indefinite and apparatus claims)) & Ex. E (Foster email of June 12, 2015) ("Adaptix will

not 'proceed' as to claims held indefinite").[1]

Adaptix also recently confirmed that it cannot proceed in this case on the originally asserted apparatus claims of the '212 patent—claims 18, 19, 20, 21, 23-27, and 29—although it indicated that it would pursue those claims in the Wave 4 case if that case is revived.  Cruzen Decl. Ex. F (Foster email of September 11, 2015).[2]  Consequently, the only claims of the '212 patent currently asserted against Amazon are method claims 1, 8, 12, and 15 (the "Surviving Claims").  The Surviving Claims are the subject of this motion.

While Adaptix's infringement contentions allege that Amazon directly infringes through selling, offering to sell and making the accused devices, as discussed below, the Court already determined in the Wave 1 cases that Adaptix's Surviving Claims, all of which are method claims, cannot be infringed by the sale, offer to sell, or making of an accused device that is capable of operating on the AT&T network.  The allegation that Amazon infringes method claims through these acts is barred under issue preclusion principles.

The remaining alleged basis for Adaptix's direct infringement claims, that Amazon "uses" the accused devices on AT&T's network, is also barred, but for a different reason.

---

[1] In the Wave 1 cases, the Court granted final judgment of invalidity as to claims 9 and 10 based on the indefinite phrase "each cluster."  Judge Schneider of the Eastern District of Texas granted summary judgments of invalidity of claims 9, 11, and 26 based on the indefiniteness of "each cluster" and "the indication." *See Adaptix, Inc. v. Huawei Techs. Co., Ltd.*, 74 F. Supp. 3d 832, 838 (E.D. Tex. 2014).

[2] Amazon's counsel wrote to Adaptix's counsel to confirm that the apparatus claims cannot go forward and therefore need not be addressed in this motion.  Because Adaptix's counsel confirmed its agreement, we do not address the apparatus claims herein.  But those claims would in any case be subject to the same *Kessler*, claim preclusion, and lack of marking defects that bar the method claims, discussed hereafter.  Thus, Adaptix agreed not to proceed on apparatus claims, but if it had not, Amazon would have included them in this motion in those Sections I and III of the Argument, *infra*.  Moreover, each of these claims require (1) multiple subscriber units (wireless handsets) operating within a given cell and (2) base stations. *See, e.g.*, ECF No. 1-1 ('212 patent), claim 18.  Amazon could not directly or indirectly infringe claims that require actions by multiple third-party wireless users operating in a given cell at a certain point in time.  And Adaptix does not contend that Amazon sells or operates base stations.

MOTION FOR SUMMARY JUDGMENT OF AMAZON                    14-cv-1379 PSG
- 5 -

As discussed below, the Court has determined that AT&T and its customers using the AT&T network cannot infringe under claim preclusion principles and *Kessler*. Amazon employees or customers who use the AT&T network act no differently than any other AT&T customer. Amazon's employee or customer use of the AT&T network is therefore barred by claim preclusion and *Kessler*.

## II.    AT&T'S MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT WAS GRANTED IN WAVE 1.

The Court granted the Wave 1 defendants'—including AT&T's—motions for summary judgment that selling, offering to sell, or making a device cannot directly infringe the method claims of the '212 patent. Case No. 13-cv-01776-PSG, ECF No. 405 at 5-6. As discussed below, issue preclusion prevents Adaptix from re-litigating direct infringement of the asserted method claims by selling, offering to sell, or making a device.

## III.    THE COURT DENIED ADAPTIX'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS.

Early this year, Adaptix sought leave to amend its infringement contentions in this case to correct errors, to assert various indirect infringement theories, and to add the Fire Phone. The Court denied Adaptix's motion for leave on February 24, 2015, finding that Adaptix had not been diligent in seeking leave to amend. ECF No. 123.

## IV.    ADAPTIX INFORMED THE COURT AND AMAZON THAT IT DOES NOT SEEK RELIEF FOR ALLEGED INFRINGEMENT OCCURRING AFTER THE FILING OF THIS ACTION.

After the denial of its motion for leave to amend its infringement contentions, Adaptix filed a new case against Amazon (the Wave 4 case), and sought to re-assert the theories it had failed to diligently pursue in this case. In opposing Amazon's motion to dismiss, Adaptix informed the Court and Amazon that "Adaptix chooses to assert in the 2013 suits [i.e., this case] only claims that precede the filing date of those actions." Case No. 15-cv-00962, ECF No. 21 at 5; *see id*. at 3 ("Adaptix elects not to include in the 2013 actions [i.e., this case] claims accruing during those actions."). Thus, Adaptix opted to

forego damages and injunctive relief related to ongoing acts of alleged infringement occurring any time after this case began.

### V.     THE COURT DISMISSED AT&T FROM THIS CASE ON *KESSLER* AND CLAIM PRECLUSION GROUNDS.

On August 21, 2015, the Court granted AT&T's motion for judgment on the pleadings, finding that the *Kessler* doctrine and claim preclusion barred this Wave 2 case against AT&T due to AT&T's prior summary judgment victory in the Wave 1 case.  ECF No. 164. The Court also held that the customers of the Wave 1 defendants were entitled to invoke *Kessler* and claim preclusion to bar patent infringement claims Adaptix asserted against them, to the extent those claims were based on use of the Wave 1 defendants' LTE networks.  *Id*. at 12.  The Court also noted that Adaptix's infringement contentions accused the LTE standard and cited Adaptix's own prior representations that its infringement contentions as to the various accused products in different cases are "identical."  ECF No. 164 at 21-22.

Adaptix subsequently filed a motion seeking clarification of the order dismissing AT&T from this case.  ECF No. 170.  That motion has not yet been resolved.

### VI.    ADAPTIX DOES NOT CONTEND THAT IT COMPLIED WITH THE MARKING REQUIREMENTS OF 35 U.S.C. SECTION 287(A) OR THAT IT GAVE AMAZON PRE-SUIT NOTICE.

On September 14, 2015, Adaptix served responses to Amazon's First Set of Interrogatories.  Amazon's Interrogatory Number 18 required Adaptix to identify "every instrumentality. . . used, made, sold, or offered for sale in the United States. . . that falls within the scope (or that Adaptix reasonably believes or has ever asserted falls within the scope) of any claim of the Patents–in–Suit, and for each such instrumentality, state whether (and if so, how) it was marked with the patent number of the Patents–in–Suit…." Cruzen Decl. Ex. G (Adaptix Interrogatory Response) at p. 23  Adaptix's response to Interrogatory Number 18 did not respond by providing any factual information—instead, Adaptix declined to

MOTION FOR SUMMARY JUDGMENT OF AMAZON                   14-cv-1379 PSG
- 7 -

identify the products that practiced its patents, and instead confirmed that Adaptix does not contend in this case that it complied with the marking requirements of 35 U.S.C. Section 287(a).  Cruzen Decl. Ex. G (Adaptix Interrogatory Response) at p. 24 ("Adaptix does not claim marking in this action").

But Adaptix has made and licensed tangible items capable of being marked—including mobile wireless handsets, base stations and subscriber terminals—that it contends practice or practiced the claims of the '212 patent.  For example, Adaptix's infringement contentions identify six products that it contends practiced the invention of the '212 patent. Cruzen Decl. Ex. A at Section I(f).  These products were made, sold, and used before Adaptix filed suit in this case: Adaptix included the identical representation regarding its having made, sold and used products practicing the '212 patent in infringement contentions it served on Pantech on April 4, 2013, more than a month before this action was filed.  *See* Cruzen Decl. Ex. H (Adaptix Infringement Contentions Served on Pantech). ▌

MOTION FOR SUMMARY JUDGMENT OF AMAZON          14-cv-1379 PSG
- 8 -

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████ As the Court has noted, Adaptix contends that "employment of the LTE standard" is the basis of Adaptix's infringement claims, and that Adaptix has admitted that this theory is "identical" across Adaptix cases asserting the '212 patent. ECF No. 164 at 21-22; *see also id.* at 6 (noting that Adaptix contends "4G LTE products whose baseband processors are programmed to follow the same 3GPP LTE standard" infringe the '212 patent). ██████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████

Adaptix has produced no evidence to Amazon in this action that Adaptix required any licensee to mark its products with Adaptix's patent numbers, despite Amazon's specific request for such evidence. Cruzen Decl. Ex. G (Adaptix's Responses to First Set of Interrogatories) at 23-24 (Response to Interrogatory No. 18). Instead, Adaptix declined to identify the licensed products that practiced the '212 patent and declined to state whether those products were marked, because Adaptix does not "claim marking in this action." *Id.* Fact discovery closed on September 18, 2015 (ECF No. 104 at 3), and Adaptix did not amend its interrogatory response. This is consistent with Adaptix's allegations in its Complaint, which does not allege Adaptix complied with the marking requirements of 35 U.S.C. Section 287(a). ECF No. 1.

Adaptix also did not give Amazon pre-suit notice of the '212 patent. Its Complaint alleges only that Amazon had notice of the '212 patent since the time Adaptix served the Complaint in this case. *Id.* at ¶ 19. As discussed below, because Adaptix has informed the

Court that Adaptix seeks relief only for Amazon's pre-suit infringement but it is not entitled to recover any damages for acts occurring prior to the filing of this case, Adaptix is entitled to no relief at all.

## ARGUMENT

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If a nonmoving party cannot establish a genuine issue for trial on any essential element on its claim, then the moving party is entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Amazon is entitled to summary judgment because (1) Adaptix seeks to address only acts of infringement occurring before this case was filed, but Adaptix does not contend it marked or gave Amazon pre-suit notice and it is therefore not entitled to any relief; (2) issue preclusion bars Adaptix's contention that selling or making a device infringes method claims; and (3) claim preclusion and *Kessler* bar Adaptix's contentions that Amazon infringes when it uses Amazon devices on the AT&T network. No issues of material fact are in dispute: Adaptix did not plead, and does not contend, that it complied with the marking requirements or that it gave pre-suit notice to Amazon, and the remaining issues (application of issue preclusion, claim preclusion and the *Kessler* doctrine) are questions of law based on this Court's prior rulings.

**I.     ADAPTIX SEEKS ONLY PRE-SUIT DAMAGES BUT, BECAUSE IT DOES NOT CONTEND IT MARKED OR GAVE PRE-SUIT NOTICE, PRE-SUIT DAMAGES ARE BARRED BY STATUTE.**

**A.     Adaptix Seeks Damages Only for Pre-Suit Infringement.**

MOTION FOR SUMMARY JUDGMENT OF AMAZON          14-cv-1379 PSG
- 10 -

While Adaptix's Complaint originally sought a variety of relief, Adaptix represented to the Court in filings earlier this year that it now seeks redress only for alleged infringements that occurred prior to the filing of this action.  Adaptix informed the Court and Amazon that "Adaptix chooses to assert in the 2013 suits [i.e., this case] only claims *that precede the filing date of those actions*."  Case No. 15-cv-00962, ECF No. 21 at 5 (emphasis added); *see id*. at 3 ("Adaptix elects not to include in the 2013 actions [i.e., this case] claims accruing during those actions.").  Adaptix has recently confirmed that, in its Wave 2 cases, "infringement relates to the use, prior to the action's filing date of May 28, 2013, of…handsets in the AT&T network."  14-cv-01385-PSG, ECF No. 164 at 1.

No doubt this was a strategic choice Adaptix made in hopes that it could pursue in the Wave 4 cases infringement theories it had failed to diligently assert in this Wave 2 case. Adaptix represented that there was no overlap between the relief it sought in the Wave 2 and Wave 4 cases it filed against Amazon because it chose to forfeit any relief for claims post-dating the filing of this case.  *See* Case No. 15-cv-00962, ECF No. 21 at 5.  Adaptix argued that therefore claim splitting did not apply to bar its Wave 4 case.  In particular, Adaptix argued that a final judgment in this case would create claim preclusion only "as to acts of infringement prior to the filing of the 2013 cases."  Case No. 15-cv-00962, ECF No. 21 at 1-2; *see id.* at 2 ("Claim preclusion thus does not bar a patent owner from pursuing claims for later acts of infringement, as Adaptix does here [i.e. in the Wave 4 case].").

Whatever the reasons for Adaptix's election, it now remains clear that Adaptix seeks relief only for pre-suit damages.[3]  But, as discussed below, Adaptix cannot recover

---

[3] The Complaint in this action originally included a claim for injunctive relief as well. ECF No. 1, at 14.  Because injunctive relief could only bar future acts of infringement occurring *after* this case was filed, Adaptix forfeited that remedy when it chose to pursue only "acts of infringement prior to the filing of the 2013 cases."  Case No. 15-cv-00962, ECF No. 21, at 1-2.  Adaptix's Wave 4 case also sought injunctive relief (Case No. 15-cv-00962, ECF No. 1 at 8), and pursuing injunctive relief simultaneously in both cases on the same patents and targeting the same products would obviously present claim splitting problems, even under Adaptix's view of the law.

MOTION FOR SUMMARY JUDGMENT OF AMAZON                14-cv-1379 PSG
- 11 -

pre-suit damages because it failed to comply with the Patent Act's marking requirements and gave no pre-suit notice.

**B.    Adaptix Cannot Recover Damages for Pre-suit Infringement Because It Failed to Comply with 35 U.S.C. Section 287's Requirements.**

"Section 287(a) provides that absent marking, a patentee may not recover damages without proof that 'the infringer was notified of the infringement.'" *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186 (Fed. Cir. 1994).  "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership.  Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id*. at 187; *see also Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) (noting a patentee "is entitled to damages from the time when it either began marking its products in compliance with section 287(a) or when it actually notified [the infringer] of its infringement, whichever was earlier.").[4]

A patentee bears the burden of both pleading and proving compliance with the marking statute.  *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005).[5]  A patentee's failure to mark, and its resulting inability to recover pre-suit damages,

---

[4] The marking statute does not apply when a patent includes only method claims, but "[w]here the patent contains both apparatus and method claims…to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Am. Med. Sys., Inc.*, 6 F.3d at 1538-39.  Here, the '212 patent includes, and Adaptix asserted, both method and apparatus claims.  Cruzen Decl. Ex. B ('212 Infringement Contentions) at Claims 1 & 18.

[5] Judge Alsup's opinion in *Oracle Am., Inc. v. Google Inc.*, Case No. 3:10–cv–03561–WHA, 2011 WL 5576228 (N.D. Cal. Nov. 15, 2011), suggests that an initial burden of production should be placed on the defendant to show some evidence that a plaintiff's or its licensee's product practiced the patent before the suit was filed, and this Court has followed that opinion.  Here, as discussed in the Statement of Facts and at length below,

MOTION FOR SUMMARY JUDGMENT OF AMAZON                14-cv-1379 PSG
- 12 -

is an issue properly decided on summary judgment. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 34 F. Supp. 3d 1061, 1096-97 (C.D. Cal. 2014) (granting summary judgment of no pre-suit damages for patentee's failure to mark since the patentee had the burden to prove compliance, and failed to prove that it sufficiently marked); *Tech. Licensing Corp. v. Thomson, Inc.*, 76 U.S.P.Q.2d 1146, No. CIV. S-031329-WBS-PAN, 2005 WL 1562225, at *2-3 (E.D. Cal. June 30, 2005) (granting partial summary judgment that

Adaptix *admits* that its products practiced the patents before it filed this case against Amazon, and its discovery responses state that it does not contend that it complied with the marking requirements. Therefore, Amazon has met this burden of production. Nevertheless, Amazon respectfully suggests that placing this burden on the defendant is at odds with the Federal Circuit case law cited above and the Supreme Court's opinion in *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894), holding that "the duty of alleging and the burden of proving either [marking or actual notice] is upon the plaintiff." It may be that *Oracle* placed the burden on the defendant because the case characterized failure to mark as "a defense based on the patent-marking statute" raised by Google. *Oracle Am.*, 2011 WL 5576228, at 2. But the Federal Circuit, interpreting Section 287(a), has held that the marking and notice statute "was not a statutory defense to an action for infringement; it was a limitation on damages." *Motorola Inc. v. United States*, 729 F.2d 765, 769 (Fed. Cir. 1984) (noting that "the marking and notice statute cannot be interpreted as a patent defense" and that "patent owner-plaintiff must plead before trial and then show at trial that he had complied with the requirements of the statute.").

Allocating the burden of production and proof on the plaintiff in all respects to marking is appropriate in light of the Supreme Court's observation in *Dunlap* that whether "patented articles have been duly marked or not is a matter peculiarly within [the patentee's] own knowledge." *Dunlap*, 152 U.S. at 248. The Southern District of New York recently relied upon this language in declining to follow the approach employed by this Court of placing any initial burden of production on the defendant. *See Adrea, LLC v. Barnes & Noble, Inc.*, No. 13-CV-4137 JSR, 2015 WL 4610465, at *2 (S.D.N.Y. July 24, 2015) (holding that "the Court finds that this rule would improperly shift the burden to the accused infringer."). As the *Adrea* opinion noted, it would be unfair to place that burden on the defendant, due to the inherent "informational disadvantage" that defendants face in not knowing whether a patentee or its licensees practice the patents in suit. *Id*. at *2; *see DR Sys., Inc. v. Eastman Kodak Co.*, No. 08–CV–0669, 2009 WL 2632685, at *4 (S.D. Cal. Aug. 24, 2009) (discussing the initial burden issue and noting that placing any burden on the defendant is contrary to the Supreme Court and Federal Circuit precedent); *see also* 4 Annotated Patent Digest § 30:148 ("Since the patentee has the best knowledge of the physical characteristics of its products, the rationale the Supreme Court relied on in *Dunlap* seems to justify making the patentee at least make an initial showing that its product is not that of the patented article.").

MOTION FOR SUMMARY JUDGMENT OF AMAZON                14-cv-1379 PSG
- 13 -

patentee was not entitled to any damages for infringing acts done before the complaint was filed where patentee had not pleaded or proved marking or actual notice).  The plaintiff bears the burden of proving that "substantially all" products that practiced the asserted patent were marked.  *Flatworld Interactives LLC v. Samsung Electronics Co.*, 77 F. Supp. 3d 378, 388 (D. Del. 2014) ("Plaintiff is correct that only one embodiment was released, but this one embodiment was unmarked [and] it follows that Plaintiff did not mark 'substantially all' of the patented articles it produced and sold.").

In this case, the two possible avenues that could entitle Adaptix to pre-suit damages—either proof of marking in compliance with the statute or proof that Adaptix provided actual pre-suit notice—are foreclosed to Adaptix.  First, Adaptix failed to plead and does not contend that it complied with the marking statute.  Adaptix's Complaint contains no allegations of marking, and its interrogatory responses make clear that it does not contend to have marked the products that practiced the asserted patents.  Cruzen Decl. Ex. G (Adaptix Interrogatory Response) at p. 24 (Response to No. 18) ("Adaptix does not claim marking in this action").[6]

Adaptix was required to mark if it sought to rely on the constructive notice provisions of Section 287(a) to recover pre-suit damages.  The '212 patent contains both apparatus and method claims, and Adaptix originally asserted both types of claims against Amazon.  *See* Cruzen Decl. Ex. B ('212 Infringement Contentions) at Claims 1 & 18.  Adaptix contends that Adaptix made and sold products that practiced the '212 patent's claims.  Cruzen Decl. Ex. A (Infringement Contentions), at Section I(f)).  There is no doubt these products were made, sold, and used before Adaptix filed suit in this case.  Adaptix included the identical representation regarding its having made, sold and used products practicing the '212 patent in infringement contentions it served on Pantech on April 4, 2013, more

---

[6] Amazon pleaded Section 287 as a statutory bar limiting Adaptix's damages.  ECF No. 89 at 11.

MOTION FOR SUMMARY JUDGMENT OF AMAZON          14-cv-1379 PSG
- 14 -

than a month before this suit was filed.  *See* Cruzen Decl. Ex. H (Adaptix Infringement Contentions Served on Pantech) at Section I(f).  Adaptix's admission that it does not even contend in *this case* that it met the marking requirement means it cannot recover pre-suit damages under the constructive notice provisions of Section 287(a).

Furthermore, there is also no evidence that Adaptix has required licensees of the '212 patent to mark their products.[7]  Adaptix has licensed the asserted patents repeatedly but has not produced evidence that it required its licensees to mark.  In discovery, Amazon sought information regarding Adaptix and its licensees' products that practiced the asserted patents.  Amazon served an interrogatory calling on Adaptix to identify every instrumentality sold or made by Adaptix or any Adaptix licensee in the United States that falls within the scope of the '212 patent and to identify all marking of such products.  Cruzen Decl., Ex. G (Adaptix Interrogatory Responses), at p. 23 (Interrogatory No. 18).  Adaptix declined

---

[7] The product marking requirement extends to products sold by a patentee's licensees, including licensees who were previously sued by the patentee and took licenses as part of a settlement agreement.  *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2013 WL 4456161, at *5 (N.D. Cal. Aug 16, 2013), denying reconsideration and certification for interlocutory appeal, No. C 10-3724 CW, 2013 WL 6140838 (N.D. Cal. Nov. 21, 2013) (granting accused infringers' summary judgment that patentee was barred from recovering pre-suit damages due to its licensee's failure to mark products); *WiAV Solutions LLC v. Motorola, Inc.*, 732 F. Supp. 2d 634, 636-38 (E.D. Va. 2010) (barring pre-suit damages after patentee entered into license agreements with Apple, HTC, LG and RIM but agreements included no marking requirement).

MOTION FOR SUMMARY JUDGMENT OF AMAZON                14-cv-1379 PSG
- 15 -

to identify the products that practiced the '212 patent or whether they were marked, noting instead that it does not contend to have marked for purposes of this case.  *Id*. at 23-24 (Response to Interrogatory No. 18).  Discovery has now closed and Adaptix never amended the response.

Adaptix contends that "employment of the LTE standard" infringes the '212 patent.  ECF No. 164 at 21-22; *see also id.* at 6.  Judge Schroeder recently observed the same fact.  *Adaptix, Inc. v. AT&T Mobility LLC*, et al., Case No. 12-cv-17, ECF No. 392 at 6 (E.D. Tex., Sept. 29, 2015) ("Adaptix has explained that its theories of infringement concerning AT&T/Verizon are the same regardless of the handset manufacturer.").

In sum, Adaptix did not plead, has not produced evidence, and does not even contend that it complied with Section 287(a)'s marking requirement.

Second, neither does Adaptix contend that it provided actual notice pre-suit to Amazon of its allegations that Amazon's manufacture, sale, offers for sale, and use of Kindle Fire LTE tablets infringed the '212 patent.  Instead, Adaptix alleges that Amazon learned of the patent no later than when the Complaint was served—and while the actual allegation states that Amazon has been on notice of the patent since "at least" service of this action

(ECF No. 1 at ¶19), Adaptix in fact did *not* give earlier notice to Amazon.  Besides, mere notice of the patent would not entitle Adaptix to pre-suit damages.  In *Amsted* the Federal Circuit held that actual notice requires an "affirmative communication of a specific charge of infringement by a specific accused product or device."  24 F.3d at 187.  "Under this standard, general letters referring to the patent and including an admonishment not to in-fringe do not constitute actual notice."  *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008); *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 926 F. Supp. 2d 1100, 1113–1114 (N.D. Cal. 2013) *vacated and remanded on other grounds*, 786 F.3d 983 (Fed. Cir. 2015) (actual notice requires identification of specific patents and the infringement of them by a specific product).  Adaptix certainly did not give pre-suit notice identifying the asserted patent and the Kindle Fire LTE tablet as a product specifically accused of infring-ing that patent; Amazon received no pre-suit notice whatsoever.  It is Adaptix's burden to plead and prove marking or actual notice.  *Dunlap*, 152 U.S. at 248 (holding that "the duty of alleging and the burden of proving either [marking or actual notice] is upon the plain-tiff").  Adaptix failed to plead, and does not even contend, that it marked or that Amazon had actual notice of its infringement allegations.

Under the provisions of 35 U.S.C. Section 287(a) and the authorities cited above, Adaptix cannot recover pre-suit damages.  Because Adaptix seeks no other relief, this ac-tion should be dismissed in its entirety for this reason alone.

## II.    ISSUE PRECLUSION BARS ADAPTIX'S CONTENTION THAT AMAZON DIRECTLY INFRINGES THE ASSERTED METHOD CLAIMS OF THE '212 PATENT BY SELLING, OFFERING TO SELL, OR MAKING DEVICES.

Issue preclusion bars re-litigation of the question of whether Amazon's sale, offer for sell, or making of devices constitutes direct infringement of the asserted method claims of the '212 patent.  That is because Adaptix previously litigated this issue in the Wave 1 set of cases and lost at the summary judgment stage when the Court granted the defendants' motions for summary judgment:

> The fundamental question underlying Defendants' motions is whether one can directly infringe a claimed method without performing even one step of the method based on the sale of a device preprogrammed to perform one or more such steps. Because the Federal Circuit has now answered that question in the negative, the motions must be granted.

Case No. 13-cv-01776-PSG, ECF No. 405 (Ordering Granting Motions for Summary Judgment of Non-Infringement ("SJ Order")), at 5-6.[8]

This ruling prevents Adaptix from arguing that Amazon infringes the '212 patent's method claims by selling, offering to sell, or making Kindle Fire LTE tablets.  Issue preclusion applies when four requirements are met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).  Whether issue preclusion applies is a question of law. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042,

---

[8] The Court relied on *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014), in holding that the Wave I defendants could not infringe the method claims of the asserted patents without actually performing steps of the claimed method: "Under Ericsson, even if [Defendants] supply handsets preprogrammed to perform multiple claimed steps, Defendants must still perform at least one step of a claimed method themselves to be held liable for direct infringement.  Because there is no genuine dispute that Defendants perform no such step, Defendants' motions must be GRANTED."  SJ Order at 3.

MOTION FOR SUMMARY JUDGMENT OF AMAZON                    14-cv-1379 PSG
- 18 -

1050 (9th Cir. 2008).

This Court has already concluded that issue preclusion applied on this question in granting Verizon's motion to dismiss. ECF No. 164 at 17-18. Similarly, on September 29, 2015, Judge Schroeder in the Eastern District of Texas cases granted the defendants' motions for summary judgment on the same question. *Adaptix, Inc. v. AT&T Mobility LLC*, et al., Case No. 12-cv-17, ECF No. 392 at 5-7 (E.D. Tex., Sept. 29, 2015). And while Adaptix opposed the motion to the extent the defendants sought issue preclusion in cases involving handsets not at issue in the Wave 1 case, Judge Schroeder rejected that argument: "Despite multiple rounds of briefing on these issues, Adaptix has never substantiated why the identity of the handset manufacturer matters. On the contrary, Adaptix has explained that its theories of infringement concerning AT&T/Verizon are the same regardless of the handset manufacturer." *Id.* at 6.

Here, Adaptix had a full and fair opportunity to litigate the issue of whether selling, offering to sell, or making a device can infringe method claims merely because the device sold may be capable of performing the claimed method (requirement 1), and there is no doubt that the issue was actually litigated (requirement 2). Adaptix lost the issue and the Court entered final judgment against Adaptix as a result (requirement 3). *See* Case No. 13-cv-01777-PSG, ECF No. 489. Finally, Adaptix is the same party who lost this issue in the prior suit (requirement 4). Because all factors are satisfied, issue preclusion prevents re-litigation of the question of whether Amazon infringes the method claims by selling, offering to sell, or making the accused Kindle Fire LTE tablets.

### III. CLAIM PRECLUSION AND THE *KESSLER* DOCTRINE BAR ADAPTIX'S ALLEGATIONS THAT AMAZON INFRINGES THE CLAIMS OF THE '212 PATENT THROUGH "USE" OF ACCUSED DEVICES.

#### A. Adaptix Contends that Amazon Infringes the Method Claims of the '212 Patent When Amazon Devices Are Used on the AT&T Network.

Adaptix also alleges that Amazon infringes the Surviving Claims when Amazon devices are used on AT&T's LTE network. *See* Cruzen Decl. Ex. B ('212 infringement contentions) at Claims 1, 8, 12 & 15. Every claim in the remaining asserted method claims requires the AT&T LTE network as an integral aspect of Adaptix's infringement theory. *Id.*[9] Use of other networks is not accused. *Id.*

#### B. Claim Preclusion and the *Kessler* Doctrine Bar Allegations That Amazon Infringes Through Use of the AT&T Network.

Because Adaptix contends Amazon infringes only when its devices use the AT&T network, claim preclusion and *Kessler* doctrine bar Adaptix's claims. In granting AT&T's motion for judgment on the pleadings in this case, the Court held that claim preclusion bars Adaptix's contentions that AT&T infringes the claims of the asserted patents when it operates its LTE network. The Court also held in the same order that the Wave 1 defendants' customers are in privity with the Wave 1 defendants for claim preclusion purposes. ECF No. 164 at 12. The Court further held that *Kessler* also independently barred infringement suits against the Wave 1 defendants or their customers. *Id.* at 16-17.

---

[9] As noted above, Adaptix has confirmed it does not intend to pursue apparatus claims in this case. Cruzen Decl. Ex. F (September 11, 2015 email from James Foster to Rob Cruzen ("My understanding is that the judge will not allow us to pursue the apparatus claims in the Wave 2 case against Amazon, because our contentions mentioned Mode 2, not 3. Our contentions in the Wave 4 case (should the court grant our Rule 59 motion), however, corrected that, and we will pursue the apparatus claims in that case. JJF")). If Adaptix had pursued them, claim preclusion and the *Kessler* doctrine would bar those claims as well because infringement of all apparatus claims requires the AT&T network according to Adaptix's infringement contentions. *See* Cruzen Decl. Ex. B ('212 Infringement Contentions) at Claims 18-30 (relying on AT&T network to meet elements of every apparatus claim).

These findings preclude any claim that Amazon or its customers infringe when they use the AT&T network.  The Court's finding that AT&T does not infringe in this action because its LTE network has already been found not to infringe in an earlier case is equally applicable to Amazon and Amazon's customers, who stand accused only of using that same network.

*First*, claim preclusion bars allegations that AT&T customers—including Amazon—infringe the asserted patents when they use the AT&T network, because AT&T's customers are in privity with AT&T, as this Court has already held in dismissing AT&T from this case.  ECF No. 164 at 12.  As the Court noted in that Order, in the Ninth Circuit's claim preclusion analysis, "[e]ven when parties are not identical, privity may exist if 'there is "substantial identity" between parties, that is, when there is sufficient commonality of interest.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)); *see also United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) (a "non-party may be bound if a party is so closely aligned with its interests as to be its 'virtual representative'").

Claim preclusion has been extended to customers of an accused infringer in patent cases even where customers were not a party in the original suit.  For example, in *Nystrom*, the Federal Circuit extended the benefits of claim preclusion to distributors of the accused manufacturer, even though those distributors were not parties to the earlier suit.  *Nystrom v. Trex Co.*, 580 F.3d 1281, 1284-86 (Fed. Cir. 2009).  Specifically, in his second suit, Nystrom sued Home Depot and other customers of Trex based on the sale of Trex II boards that were not at issue in the earlier suit, which had accused only Trex I boards.  The Federal Circuit held that all of the defendants were entitled to dismissal on claim preclusion grounds.  *Id*. at 1286.

In this case, the allegedly infringing activity—use of the AT&T LTE network—has

MOTION FOR SUMMARY JUDGMENT OF AMAZON          14-cv-1379 PSG
- 21 -

already been found not to infringe as to AT&T.[10]  AT&T was dismissed from *this* action, notwithstanding that use of the Amazon Kindle Fire LTE tablets—the only devices charged with infringement in this case—to access the AT&T LTE network was not specifically at issue in the Wave 1 cases.  The Court noted that Adaptix has admitted its infringement theory accuses the LTE standard, and that Adaptix's infringement contentions are "identical" across the various cases and accused products.  ECF No. 164 at 21-22; *see also id*. at 6 ("In all four waves of cases, Adaptix has asserted direct and indirect infringement by 4G LTE products whose baseband processors are programmed to follow the same 3GPP LTE standard referred to as 'CQI Reporting Mode 3.'").  Judge Schroeder observed the same thing.  *Adaptix, Inc. v. AT&T Mobility LLC*, et al., Case No. 12-cv-17, ECF No. 392 at 6

[10] As to every Surviving Claim except claim 8, Adaptix alleges only that Amazon itself directly infringes the claimed method.  As to claim 8, Adaptix alleges that Amazon directly infringes, but also contends that Amazon has induced infringement since the time the complaint was filed.  The claim requires actions by the base station that cannot be performed by the accused Kindle Devices.  *See* '212 patent at claim 8 ("8. The method defined in claim 1 further comprising the base station selecting the subcarriers from the set of candidate subcarriers based on additional information available to the base station.").  Adaptix's inducement claim fails for a number of reasons.  First, inducement requires knowledge of the patents and an intent to induce infringement of them.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  Here, Adaptix contends that inducement occurred only *after* the time the complaint was filed.  Cruzen Decl. Ex. B ('212 patent Infringement Contentions) at claim 8, p. 31 ("AMAZON has been aware of the patent at least since the filing of the Complaint.").  But, as discussed above, Adaptix seeks relief only for infringement occurring *before* the filing of the complaint.  Adaptix's inducement theory fails for this reason alone.  Second, the remaining analysis below discussing claim preclusion and *Kessler* applies with equal force to any claim of inducement.  The AT&T LTE network has already been adjudged not to infringe, and there is therefore no direct infringement for Amazon to induce, whether Adaptix contends that AT&T directly infringes by providing its LTE network, or an AT&T customer directly infringes by using an Amazon device to connect to that AT&T LTE network.  None of these theories is viable in light of the Court's rulings dismissing AT&T from this case.  Judge Schroeder has similarly granted LG and Pantech's motions for summary judgment that they do not contributorily infringe because this Court has already determined that neither AT&T nor its customers is liable for direct infringement and Adaptix cannot relitigate that issue.  *See Adaptix, Inc. v. AT&T Mobility LLC*, et al., Case No. 12-cv-17, ECF No. 392 at 7-8 (E.D. Tex., Sept. 29, 2015).

(E.D. Tex., Sept. 29, 2015). It would make no sense for this case to proceed against Amazon where the only allegedly infringing conduct is use of the AT&T LTE network by Amazon employees or Amazon customers (who are necessarily AT&T customers when they access the AT&T network). The exact same conduct is accused as to Amazon as it was to AT&T—use of Amazon devices on the AT&T network. Thus, there is more than a "commonality of interests" between Amazon and AT&T (*Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081); their interests in defending this patent suit are all but identical. Like AT&T's other customers, Amazon is therefore in privity with AT&T for claim preclusion purposes and should be dismissed on that basis.

Moreover, if the Court here found that AT&T's customers (*i.e.*, Amazon, its employees, and customers) were not in privity with it for claim preclusion purposes, this would negate the effect of AT&T's prior victory. If any users of the AT&T network can be sued for patent infringement, even though AT&T does not itself infringe by providing that network, AT&T's prior victory would prove meaningless. Simply put, Adaptix already had the opportunity to pursue AT&T for infringement based on use of AT&T's network, and, after losing, it ought not to be permitted to pursue the same claims by suing AT&T customers based on their use of that network. For these reasons, the claims that Amazon or its employees infringe the patents must be dismissed on claim preclusion grounds.

*Second*, *Kessler* also independently requires entry of summary judgment in Amazon's favor. In *Kessler*, the Supreme Court held that it was unnecessary to inquire whether the judgment between Kessler and Eldred created a separate right for Kessler's customers because "[l]eaving entirely out of view any rights which Kessler's customers have or may have, it is Kessler's right that those customers should, in respect of the articles before the court in the previous judgment, be let alone by Eldred, and it is Eldred's duty to let them alone." *Kessler*, 206 U.S. at 288-89.

In *Brain Life v. Elekta, Inc.*, the Federal Circuit held that *Kessler* gives a victorious

MOTION FOR SUMMARY JUDGMENT OF AMAZON          14-cv-1379 PSG
- 23 -

defendant the right to continue to engage in its previously-accused commercial activity "even when the acts of infringement occurred post-final judgment and even when it was third-parties who allegedly engaged in those acts of infringement." 746 F.3d 1045, 1056 (Fed. Cir. 2014). The bar applies in a subsequent suit against a party when the accused devices in the prior and subsequent suits are "essentially the same." *Id*. The Federal Circuit characterized the purpose of the *Kessler* Doctrine as "allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result." *Id*. As this Court has noted, *Kessler* protects not only the defendant previously found not to infringe, but that defendant's customers as well. ECF No. 164 at 16-17.

The *Kessler* Doctrine precludes any claims of infringement of the patents-in-suit against AT&T's customers, including Amazon and others who use the AT&T LTE network. Here, the accused commercial activity at issue in the prior cases accusing AT&T was use of the AT&T LTE network. The identical commercial activity is at issue in this case. *Kessler* bars subsequent suits even if the new suits are proceeding on different patent claims, different infringement theories and even different products to the extent they are essentially the same as products at issue in a prior suit. *Brain Life*, 746 F.3d at 1058-59; *see also SpeedTrack, Inc. v. Office Depot, Inc*., No. C 07-3602 PJH, 2014 WL 1813292, at *9 (N.D. Cal. May 6, 2014) aff'd, 791 F.3d 1317 (Fed. Cir. 2015) ("Certainly, if the *Kessler* doctrine bars the assertion of new *claims*, it must also bar the assertion of new *theories* involving the same, already-asserted claims."). As the Court has noted, Adaptix accuses all defendants in its many suits of merely practicing the LTE standard, and its contentions are "identical" across the prior and present cases. ECF No. 164 at 21-22. The Court has already ruled that *Kessler* bars any allegation of infringement by the customers of Wave 1 defendants, including customers of AT&T. This necessarily includes AT&T customers using Amazon devices and Amazon itself when its employees use an Amazon device on the AT&T LTE network.

AT&T has, by virtue of the existing judgment of non-infringement, acquired a "trade right" to continue in the accused commercial activity free from litigation: namely, the operation of its LTE network. *Brain Life*, 746 F.3d at 1058; *Speed Track*, 2014 WL 1813292, at \*9. Adaptix is therefore barred from asserting any theory of infringement, whether direct or indirect, against AT&T and its customers, including Amazon, based on the use of AT&T's LTE network. Accordingly, Adaptix's suit against Amazon should be dismissed.

### CONCLUSION

For the foregoing reasons, the Court should grant Amazon's motion for summary judgment and dismiss this action on the grounds that (1) Adaptix has no viable claim for relief, (2) issue preclusion bars Adaptix from asserting that Amazon infringes through selling, offering to sell, or using the accused products, and (3) claim preclusion and *Kessler* bar Adaptix from contending that Amazon infringes through use of the AT&T network.

Respectfully submitted,

October 6, 2015                    By:            /s/ Robert T. Cruzen
                                                  Robert T. Cruzen

                                                  Counsel for Defendant
                                                  AMAZON.COM, INC.