UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., et al.,<br><br>                Defendants. | Case No. 5:14-cv-01379-PSG<br><br>**ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Re: Docket Nos. 170, 180)** |
| ADAPTIX, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>SONY MOBILE COMMUNICATIONS, INC., et al.,<br><br>                Defendants. | Case No. 5:14-cv-01385-PSG<br><br>**ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Re: Docket Nos. 150, 165)** |

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | ADAPTIX, INC., |
| 2 | Plaintiff, |
| 3 | v. |
| 4 | HTC CORPORATION, et al., |
| 5 | Defendants. |

Case No. 5:14-cv-02359-PSG

**ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS**

**(Re: Docket No. 110)**

ADAPTIX, INC.,

Plaintiff,

v.

HTC CORPORATION, et al.,

Defendants.

Case No. 5:14-cv-02360-PSG

**ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS**

**(Re: Docket No. 126)**

ADAPTIX, INC.,

Plaintiff,

v.

APPLE INC., et al.,

Defendants.

Case No. 5:15-cv-00364-PSG

**ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS**

**(Re: Docket No. 46)**

ADAPTIX, INC.,

Plaintiff,

v.

APPLE INC., et al.,

Defendants.

Case No. 5:15-cv-00365-PSG

**ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS**

**(Re: Docket No. 48)**

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | ADAPTIX, INC.,                                    ) | Case No. 5:15-cv-00366-PSG |

ADAPTIX, INC.,                                         )   Case No. 5:15-cv-00366-PSG
                                                       )
                     Plaintiff,                        )   **ORDER RE: MOTIONS TO ALTER**
                                                       )   **JUDGMENT, MOTIONS FOR**
          v.                                           )   **CLARIFICATION AND MOTIONS**
                                                       )   **FOR JUDGMENT ON THE**
HTC CORPORATION, et al.,                               )   **PLEADINGS**
                                                       )
                     Defendants.                       )   **(Re: Docket No. 49)**
                                                       )
_____               )

ADAPTIX, INC.,                                         )   Case No. 5:15-cv-00367-PSG
                                                       )
                     Plaintiff,                        )   **ORDER RE: MOTIONS TO ALTER**
                                                       )   **JUDGMENT, MOTIONS FOR**
          v.                                           )   **CLARIFICATION AND MOTIONS**
                                                       )   **FOR JUDGMENT ON THE**
HTC CORPORATION, et al.,                               )   **PLEADINGS**
                                                       )
                     Defendants.                       )   **(Re: Docket No. 49)**
                                                       )
_____               )

ADAPTIX, INC.,                                         )   Case No. 5:15-cv-00962-PSG
                                                       )
                     Plaintiff,                        )   **ORDER RE: MOTIONS TO ALTER**
                                                       )   **JUDGMENT, MOTIONS FOR**
          v.                                           )   **CLARIFICATION AND MOTIONS**
                                                       )   **FOR JUDGMENT ON THE**
AMAZON.COM, INC., et al.,                              )   **PLEADINGS**
                                                       )
                     Defendants.                       )   **(Re: Docket No. 49)**
                                                       )
_____               )

ADAPTIX, INC.,                                         )   Case No. 5:15-cv-00971-PSG
                                                       )
                     Plaintiff,                        )   **ORDER RE: MOTIONS TO ALTER**
                                                       )   **JUDGMENT, MOTIONS FOR**
          v.                                           )   **CLARIFICATION AND MOTIONS**
                                                       )   **FOR JUDGMENT ON THE**
DELL, INC., et al.,                                    )   **PLEADINGS**
                                                       )
                     Defendants.                       )   **(Re: Docket No. 53)**
                                                       )
_____               )

      Plaintiff Adaptix, Inc. alleges that various LTE handset manufacturers and wireless carriers infringe two Adaptix patents covering certain wireless technology.  These ten cases are just a portion of the bigger picture—over the past four years, Adaptix has filed over 35 such cases, both here and in the Eastern District of Texas.  Most, but not all, of this litigation was and is before the undersigned.

Broadly speaking, Adaptix filed its cases in four waves.[1]  After a long, hard slog through fact and expert discovery in the Wave 1 cases, the court ultimately granted Defendants' motions for summary judgment of noninfringement and partial invalidity.[2]  Accordingly, the court entered judgment in favor of the Wave 1 Defendants.[3]  A few months later, the court dismissed some Wave 2 cases and all the Wave 3 and Wave 4 cases on the grounds of claim preclusion, issue preclusion, the *Kessler* doctrine and the doctrine against claim splitting,[4] and it entered judgment against Adaptix in the Wave 3 and Wave 4 cases.[5]

---

[1] In Wave 1, Adaptix sued Motorola, Verizon, Apple, AT&T and HTC.  *See* Case No. 5:13-cv-01774: Docket No. 1; Case No. 5:13-cv-01776: Docket No. 1; Case No. 5:13-cv-01777: Docket No. 1; Case No. 5:13-cv-01778: Docket No. 1; Case No. 5:13-cv-01844: Docket No. 1; Case No. 5:13-cv-02023: Docket No. 1.

In Wave 2, Adaptix sued Dell, Verizon, Amazon, AT&T, Blackberry, Sony, T-Mobile/MetroPCS, HTC, Kyocera, Sprint, ASUSTek, Boost Mobile and ZTE.  *See* Case No. 5:14-cv-01259: Docket No. 1; Case No. 5:14-cv-01379: Docket No. 1; Case No. 5:14-cv-01380: Docket No. 1; Case No. 5:14-cv-01385: Docket No. 1; Case No. 5:14-cv-01386: Docket No. 1; Case No. 5:14-cv-01387: Docket No. 1; Case No. 5:14-cv-02359: Docket No. 1; Case No. 5:14-cv-02360: Docket No. 1; Case No. 5:14-cv-02894: Docket No. 1; Case No. 5:14-cv-02895: Docket No. 1; Case No. 5:14-cv-03112: Docket No. 1; Case No. 5:15-cv-00165: Docket No. 1; Case No. 5:15-cv-00166: Docket No. 1; Case No. 5:15-cv-00167: Docket No. 1; Case No. 5:15-cv-00168: Docket No. 1.  Amazon, Sony, Blackberry, Dell, Kyocera and ASUStek have settled and are no longer in the cases.  *See* Case No. 5:14-cv-01259: Docket Nos. 182, 219; Case No. 14-cv-01379: Docket No. 195; Case No. 14-cv-01380: Docket No. 113; Case No. 14-cv-01385: Docket No. 201; Case No. 14-cv-01386: Docket No. 120; Case No. 14-cv-01387: Docket No. 117; Case No. 14-cv-02894: Docket No. 194; Case No. 14-cv-03112: Docket No. 137.

In Wave 3, Adaptix filed four new cases against most of the Wave 1 Defendants after the court denied it leave to amend its infringement contentions in the Wave 1 cases.  *See* Case No. 5:15-cv-00364: Docket No. 1; Case No. 5:15-cv-00365: Docket No. 1; Case No. 5:15-cv-00366: Docket No. 1; Case No. 5:15-cv-00367: Docket No. 1; *see also* Case No. 5:13-cv-01776: Docket No. 252. The exception was Motorola, who had settled.  *See* Case No. 5:13-cv-01774: Docket No. 195.

And in Wave 4, Adaptix filed three more cases against Wave 2 Defendants AT&T, Verizon, Amazon, Dell and Sony.  *See* Case No. 5:15-cv-00962: Docket No. 1; Case No. 5:15-cv-00971: Docket No. 1; Case No. 5:15-cv-00972: Docket No. 1.  As noted earlier, Dell and Sony later settled.  *See* Case No. 5:15-cv-00971: Docket No. 49; Case No. 5:15-cv-00972: Docket No. 69.

[2] *See* Case No. 5:13-cv-01776: Docket Nos. 405, 413.

[3] *See, e.g.*, Case No. 5:13-cv-01776: Docket No. 419.

[4] *See* Case No. 5:14-cv-01379: Docket No. 164.

[5] *See, e.g.*, Case No. 5:15-cv-00365: Docket No. 45.

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Adaptix now asks the court to revisit this last set of decisions.  In particular, it moves to alter the judgment in the Wave 3 and Wave 4 cases[6] and to clarify the order dismissing Adaptix's Wave 2 cases against AT&T.[7]  As support, Adaptix primarily relies on the Federal Circuit's recent decision in *Dow Chemical Co. v. Nova Chemicals Corp. (Canada)*, which elaborated on the standards for claim and issue preclusion in patent infringement cases.[8]  For its part, AT&T cross-moves for dismissal and entry of judgment in the same Wave 2 cases.[9]  Meanwhile, Defendants in two other Wave 2 cases move for judgment on the pleadings based on claim preclusion and the *Kessler* doctrine.[10]  Because nothing in *Dow Chemical* changes the court's prior conclusions, Adaptix's motions are DENIED, and Defendants' motions are GRANTED.

## I.

In its dismissal order, the court relied on four related but distinct doctrines, all of which limit when and how a plaintiff can bring suits that raise related issues.  Claim preclusion requires parties to bring all available claims in one action, preventing them from harassing defendants and courts with "repetitive actions based on the same claim."[11]  "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."[12]  The *Kessler* doctrine, which dates back to a 1907 Supreme Court decision,[13] "fills the

---

[6] *See* Case No. 5:15-cv-00364: Docket No. 46; Case No. 5:15-cv-00365: Docket No. 48; Case No. 5:15-cv-00366: Docket No. 49; Case No. 5:15-cv-00367: Docket No. 49; Case No. 5:15-cv-00962: Docket No. 49; Case No. 5:15-cv-00971: Docket No. 53.

[7] *See* Case No. 5:14-cv-01379: Docket No. 170; Case No. 5:14-cv-01385: Docket No. 150.

[8] *See* 803 F.3d 620, 626-31 (Fed. Cir. 2015).

[9] *See* Case No. 5:14-cv-01379: Docket No. 180; Case No. 5:14-cv-01385: Docket No. 165.

[10] *See* Case No. 5:14-cv-02359: Docket No. 110; Case No. 5:14-cv-02360: Docket No. 126.

[11] *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995); *see also Adobe Sys. Inc. v. Wowza Media Sys., LLC*, Case No. 14-cv-02778, 2014 WL 5454648, at *3 (N.D. Cal. Oct. 27, 2014).

[12] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

5

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

gap between these preclusion doctrines, allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result."[14]  Finally, the doctrine against claim splitting represents the idea that a claimant may not "split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail."[15]  In the Ninth Circuit, claim splitting mirrors claim preclusion, with the distinction that the former applies even if no judgment has yet been entered in the first suit.[16]

In all of these cases—the ones at issue here, as well as the many others—Adaptix alleges that a variety of cellphones practice its patented methods when they communicate using a particular LTE standard.  In the Wave 1 cases, the court granted summary judgment of noninfringement against Adaptix.  Citing the Federal Circuit's decision in *Ericsson, Inc. v. D-Link Systems, Inc.*,[17] this court held that the Wave 1 Defendants could not directly infringe Adaptix's patents because no Defendant performed at least one step of any claimed method itself.[18]  The court then entered judgment against Adaptix in each of the Wave 1 cases.[19]

The Wave 1 Defendants then moved to dismiss the Wave 3 cases.  The primary dispute between the parties was whether the Wave 1 and Wave 3 cases raised the same causes of action, as claim preclusion requires.  In a line of cases starting with *Foster v. Hallco Manufacturing Co.*[20]

---

[13] *See Kessler v. Eldred*, 206 U.S. 285 (1907).

[14] *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).

[15] *The Haytian Republic*, 154 U.S. 118, 125 (1894).

[16] *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds*, *Taylor*, 553 U.S. at 904; *see also Icon-IP PTY Ltd. v. Specialized Bicycle Components*, Case No. 13-cv-03677, 2013 WL 10448869, at *3-4 (N.D. Cal. Oct. 22, 2013); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058-59 (S.D. Cal. 2007).

[17] 773 F.3d 1201 (Fed. Cir. 2014).

[18] *See* Case No. 5:13-cv-01776: Docket No. 405 at 2-3.

[19] *See, e.g.*, Case No. 5:13-cv-01776: Docket No. 419.

[20] 947 F.2d 469 (Fed. Cir. 1991).

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

1  and leading up to *Nystrom v. Trex Co.*,[21] the Federal Circuit had held that claim preclusion barred a
2  plaintiff from bringing successive suits accusing "essentially the same" products of infringing the
3  same patents.[22]  Here, the court found, the accused products in the Wave 1 and Wave 3 cases were
4  essentially the same with respect to Adaptix's infringement contentions, so claim preclusion
5  applied.[23]

6        Adaptix argued that the Federal Circuit's decisions in *Aspex Eyewear, Inc. v. Marchon*
7  *Eyewear, Inc.*[24] and *Brain Life, LLC v. Elekta Inc.*[25] had changed the standard for claim preclusion.
8  There the Federal Circuit held that claim preclusion did not bar a plaintiff from seeking damages
9  for acts of infringement that occurred after a final judgment in a prior suit, even if the accused
10  products were essentially the same.[26]  But to the extent these cases were inconsistent with *Foster*
11  and *Nystrom*, the court noted that the Federal Circuit could not overrule its precedent without
12  sitting en banc.[27]  Moreover, and independently, the court dismissed the Wave 3 cases under the
13  *Kessler* doctrine.[28]

14        In the same order, the court also dismissed the Wave 4 cases.  As to AT&T and Verizon,
15  the court applied the same claim preclusion and *Kessler* doctrine arguments.[29]  And as to Sony and

16

17  _____

18  [21] 580 F.3d 1281 (Fed. Cir. 2009).

19  [22] *Foster*, 947 F.2d at 478-80; *Nystrom*, 580 F.3d at 1284-86.

20  [23] *See* Case No. 5:14-cv-01379: Docket No. 164 at 12-14.

21  [24] 672 F.3d 1335 (Fed. Cir. 2012).

22  [25] 746 F.3d 1045 (Fed. Cir. 2014).

23  [26] *See Aspex Eyewear*, 672 F.3d at 1342-44; *Brain Life*, 746 F.3d at 1053-54.

24  [27] *See* Case No. 5:14-cv-01379: Docket No. 164 at 14-15 (citing *Newell Cos. v. Kenney Mfg. Co.*,
    864 F.2d 757, 765 (Fed. Cir. 1988)).

25  [28] *See id.* at 16-17.

26  [29] *See* Case No. 5:14-cv-01379: Docket No. 164 at 22 n.105.  In addition, the court dismissed the
27  claims against Verizon for direct infringement as barred by issue preclusion.  *See id.* at 17-18.

28
                                                    7
    Case Nos. 5:14-cv-01379-PSG; -01385, -02359, -02360; 5:15-cv-00364-PSG; -00365; -00366; -
    00367, -00962, -00971
    ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND
    MOTIONS FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

Amazon, the court relied on the doctrine against claim splitting.[30]  The court cited a recent case from this district, *Icon-IP PTY Ltd. v. Specialized Bicycle Components*, in which the plaintiff had moved for leave to amend its infringement contentions in an earlier suit to add new products that allegedly infringed in essentially the same way.[31]  When the plaintiff was denied leave to add almost all of the newly accused products, it filed a new suit against only those products.[32]  The *Icon-IP* court found that the products met the "essentially the same" standard and that the claim-splitting doctrine therefore barred the new suit.[33]  Noting the strong similarities with the situation in *Icon-IP*, this court applied the same doctrine.[34]

Finally, the order granted AT&T's motion for judgment on the pleadings under Rule 12(c) in the Wave 2 cases.  Because Rule 12(c) and Rule 12(b)(6) are governed by "'functionally identical' standards," the court explained that it "consider[ed] AT&T's Rule 12(c) motion together with the Wave 3 and Wave 4 Defendants' under Rule 12(b)(6)."[35]  After that statement, the order did not mention AT&T's arguments separately.

Just a week later, the Federal Circuit issued its *Dow Chemical* decision.  The opinion by a unanimous panel cited *Brain Life* and *Aspex Eyewear* for the proposition "that, as to claims for continuing conduct after the complaint is filed, each period constitutes a separate claim" even for "patent infringement claims."[36]  The Federal Circuit did not discuss *Foster*, *Nystrom* or any other cases in that line.  Adaptix filed the first of the instant motions within weeks, with the remainder following over the next few months.

_____

[30] *See id.* at 18-22.

[31] Case No. 13-cv-03677, 2013 WL 10448869, at *1 (N.D. Cal. Oct. 22, 2013).

[32] *See id.*

[33] *See id.* at *2-4.

[34] *See* Case No. 5:14-cv-01379: Docket No. 164 at 18-22.

[35] *Id.* at 10 (quoting *Lyon v. Chase Bank USA, NA*, 656 F.3d 877, 883 (9th Cir. 2011)).

[36] 803 F.3d at 626-27.

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

A court should alter or amend a judgment only in rare circumstances.  "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources.'"[37]  Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[38]  Against this stringent standard, Adaptix's motions do not pass muster.

**First**, Adaptix moves to alter the judgment against it in the Wave 3 cases.  *Dow Chemical*, Adaptix argues, constituted "an intervening change in the controlling law" that requires the court to alter its judgment under Rule 59(e).[39]  To the extent that the more recent holdings in *Aspex Eyewear*, *Brain Life* and now *Dow Chemical* cannot be squared with *Foster* and *Nystrom*—a perfectly reasonable line of argument[40]—the Federal Circuit's rule of precedent in *Newell* still binds the court to follow the earlier cases.[41]  The court's dismissal order noted as much.[42]

---

[37] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 Moore's Federal Practice § 59.30[4]).

[38] *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

[39] *Id.*  Adaptix also cites Rule 52(b) in its motion, but, as Defendants note, Rule 52 only governs bench trials.  *See* Fed. R. Civ. P. 52(a); *ATS Prods., Inc. v. Ghiorso*, Case No. 10-cv-04880, 2012 WL 1067547, at *1 (N.D. Cal. Mar. 28, 2012).  Adaptix does not mention Rule 52 in its reply.

[40] *See, e.g.*, Christopher Petroni, Aspex Eyewear, Inc. v. Marchon Eyewear, Inc. *and* Brain Life, LLC v. Elekta Inc.: *Irreconcilable Conflict in the Law Governing Claim Preclusion in Patent Cases*, 14 Chi.-Kent J. Intell. Prop. 379 (2015).

[41] *See Newell Cos.*, 864 F.2d at 765.

[42] *See* Case No. 5:14-cv-01379: Docket No. 164 at 14-15.

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Adaptix contends that the *Newell* rule should not apply for a variety of reasons.  None of these reasons, however, carries any more weight now than it did before *Dow Chemical*, which did not even cite *Nystrom*.  In briefing its opposition to the motions to dismiss, Adaptix could—and did—raise largely the same arguments about *Nystrom*'s inapplicability in light of *Aspex Eyewear* and *Brain Life*.  Adaptix cannot use Rule 59(e) as a vehicle to re-litigate issues that the court already has resolved.

In any case, the judgment that Adaptix asks the court to overturn rested on a second independent ground: the *Kessler* doctrine.[43]  In fact, Adaptix acknowledges that the court's revisiting its decision on claim preclusion would not change the ultimate result.[44]  Even if the court sided with Adaptix on claim preclusion, the judgment would remain intact.  In this situation, there is no reason for the court to amend the judgment.[45]

**Second**, Adaptix also moves to alter the judgment in the Wave 4 cases.  As above, *Dow Chemical* did not change the controlling law.  *Dow Chemical* therefore does not require the court to alter its judgment under Rule 59(e).

**Third**, Adaptix asks the court to clarify whether and how it dismissed the Wave 2 cases against AT&T.  AT&T cross-moves for entry of judgment against Adaptix under Rule 54(b).  As indicated above, the court did address AT&T's motion to dismiss under Rule 12(c), granting it together with the Wave 3 and Wave 4 Defendants' Rule 12(b)(6) motions.[46]  However, Adaptix now urges that the court's claim preclusion and *Kessler* doctrine analysis are inapplicable to AT&T because the handsets at issue in the Wave 2 cases came from different manufacturers than those in the Wave 1 cases.  Here, too, Adaptix rehashes arguments that the court already has heard and

---

[43] *See id.* at 16-17.

[44] *See* Case No. 5:15-cv-00364: Docket No. 46 at 7.

[45] *See Beech v. FV Wishbone*, Case No. 14-cv-00241, 2015 WL 4458839, at *2 (S.D. Ala. July 21, 2015); *Schoenman v. FBI*, 857 F. Supp. 2d 76, 81 (D.D.C. 2012).

[46] *See* Case No. 5:14-cv-01379: Docket No. 164 at 10.

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

rejected.[47]   Again, nothing in the law controlling these doctrines has changed since the court

dismissed Adaptix's claims, and there is no justification for the court to revisit its decision.  The

court will enter judgment in favor of AT&T in these cases.

        **Fourth**, Defendants in the Wave 2 cases involving HTC devices move for judgment on the

pleadings under Rule 12(c) as well.  Under this Rule, "[a]fter the pleadings are closed[,] but early

enough not to delay trial," the court may dismiss a claim if, "taking all the allegations in the

pleadings as true, [a] party is entitled to judgment as a matter of law."[48]   On a Rule 12(c) motion,

the court "may take judicial notice of undisputed matters of public record, including documents on

file in federal or state courts."[49]   AT&T request, without objection, that the court take judicial

notice of its own previous records in certain Wave 1 and Wave 3 cases.[50]   Because those

documents are in the public record, the request is granted.

        In light of the judgments the court entered in the Wave 1 and Wave 3 cases, claim

preclusion and the *Kessler* doctrine both bar the Wave 2 cases as well.  Adaptix's only

counterargument is that the court erred in applying those doctrines to the Wave 3 cases, because

the sets of cases involve different periods of alleged infringement.[51]   To its credit, Adaptix

acknowledges that, "[u]nless the [c]ourt soon changes its mind . . . , the [c]ourt will dismiss these

cases as well."[52]   Because the court's mind has not changed, the Wave 2 Defendants' motions are

granted.  The court will enter judgment in their favor.

---

[47] *See* Case No. 5:14-cv-01379: Docket No. 152.

[48] *Lyon*, 656 F.3d at 883 (alteration in original) (quoting *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam)).

[49] *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[50] *See* Case No. 5:14-cv-02359: Docket No. 110 at 4.

[51] *See* Case No. 5:14-cv-02359: Docket No. 115.

[52] *Id.* at 1.

11

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND
MOTIONS FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**

Adaptix's motions to alter or amend the judgment in the Wave 3 and Wave 4 cases are DENIED.  Its motions for clarification as to the Wave 2 cases also are DENIED, and AT&T's motions for entry of judgment in those cases are GRANTED.  Defendants' motions for judgment on the pleadings in the Wave 2 HTC cases are GRANTED.

**SO ORDERED.**

Dated: March 14, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

Case Nos. 5:14-cv-01379-PSG; -01385; -02359; -02360; 5:15-cv-00364-PSG; -00365; -00366; -00367, -00962, -00971
ORDER RE: MOTIONS TO ALTER JUDGMENT, MOTIONS FOR CLARIFICATION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS